UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALLEN CHEATHAM, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 7:26-cv-06026-PMH |
| Plaintiff, | : | CLASS ACTION |
| vs. | : | ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |
| REGENERON PHARMACEUTICALS, INC., GEORGE D. YANCOPOULOS, ISRAEL LOWY, and RYAN CROWE, | : | |
| Defendants. | : | |

PMH

Having considered Roofers Local No. 149 Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Movant Vidyacharan Kappali having filed a Notice of Non-Opposition (Doc. 15), the Movant Roofers Local No. 149 Pension Fund's motion thus being unopposed, for the reasons set forth in the motion and case law cited therein (Docs. 9-11, 13, 16),

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Roofers Local No. 149 Pension Fund is appointed as Lead Plaintiff for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

3. Roofers Local No. 149 Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel is hereby approved, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v). Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiff and the putative class:

(a) the briefing and argument of any and all motions;

(b) the conduct of any and all discovery proceedings including depositions;

(c) settlement negotiations;

(d) the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and delegation of work responsibilities to selected counsel as may be required;

(e) the preparation and filing of all pleadings; and

(f) the supervision of all other matters concerning the prosecution or resolution of the consolidated action.

4. All securities class actions arising out of the same facts and claims on behalf of purchasers Regeneron Pharmaceuticals, Inc. securities subsequently filed in, or transferred to, this District shall be consolidated into this action. The parties shall notify the Court of any other such related action within a reasonable time of becoming aware of such related action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or

to any other provisions of this Order, must file an application for relief from this Order within ten days after the action is consolidated into this action.

5. Every pleading in this action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re REGENERON PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) ) ) | Civ. No. 7:26-cv-06026<br><br>CLASS ACTION |

6. Counsel in any related action that is consolidated with this action shall be bound by the organization of plaintiffs' counsel as set forth herein.

PMH

7. The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 5 and 9.

SO ORDERED:

Dated: White Plains, New York
October 13, 2026

Philip M. Halpern
United States District Judge



4900-2106-6703.v1